FILED
2026 Mar-12 PM 12:49
U.S. DISTRICT COURT
N.D. OF ALABAMA

# UNITED STATES DISTRICT COURT

## FOR THE NORTHERN DISTRICT OFALABAMA

## SOUTHERN DIVISION

| | | |
|---|---|---|
| LAQUAYLIN PARHM MACK, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | Civil Action No: |
| v. | ) | |
| | ) | |
| THE CITY OF BIRMINGHAM, ALABAMA, | ) | Jury Trial Demanded |
| | ) | |
| Defendant. | ) | |
| | ) | |
| | ) | |
| | ) | |

## COMPLAINT

## I. NATURE OF THE ACTION

1. This action arises under the Family and Medical Leave Act, 29 U.S.C. § 2601 et seq. ("FMLA").

2. The FMLA entitles eligible employees to take protected leave for serious health conditions and guarantees restoration to the same or an equivalent position upon return from leave.

3. Plaintiff invoked her right to take FMLA leave in May 2024.

4. Shortly after Plaintiff notified City leadership of her intent to take FMLA leave, Defendant removed Plaintiff from her executive command position and demoted her.

5. Defendant subsequently failed to restore Plaintiff to the same or an equivalent position following Plaintiff's FMLA leave.

6. Defendant's conduct constitutes unlawful interference with Plaintiff's FMLA rights and retaliation for protected activity.

## II. JURISDICTION AND VENUE

7. This Court has jurisdiction pursuant to 28 U.S.C. § 1331 and 29 U.S.C. § 2617(a)(2).

8. Venue is proper pursuant to 28 U.S.C. § 1391 because the events giving rise to these claims occurred within this District.

## III. PARTIES

9. Plaintiff LaQuaylin Parhm Mack is an adult resident of Shelby County, Alabama, and is employed by the City of Birmingham in Jefferson County.

10. Defendant City of Birmingham is a municipal corporation organized under the laws of the State of Alabama.

11. Defendant is an employer within the meaning of 29 U.S.C. § 2611(4).

## IV. FACTUAL ALLEGATIONS

12. Plaintiff began employment with the City of Birmingham on January 7, 2008, as a Public Works Inspector.

13. On December 8, 2008, Plaintiff transferred to the Birmingham Police Department as a Police Officer.

14. Plaintiff has been employed by the City for approximately eighteen years.

15. At all relevant times Plaintiff worked well over 1,250 hours during the preceding twelve months.

16. Defendant employed well over 50 employees within 75 miles of Plaintiff's worksite.

17. Plaintiff was therefore an eligible employee entitled to FMLA protections.

18. In November 2021, Plaintiff was promoted and appointed to the position of Assistant Chief of Police, serving as second-in-command of the Birmingham Police Department.

19. Plaintiff performed her duties satisfactorily.

20. In December 2022, Plaintiff graduated from the FBI National Academy, a nationally recognized law enforcement leadership program.

21. In March 2023, Plaintiff received a satisfactory performance evaluation from Chief Scott Thurmond.

22. In May 2024, Plaintiff experienced a serious health condition entitling her to leave under the FMLA.

23. On May 29, 2024, Plaintiff contacted Janee Vail, Compensation and Benefits Advisor in the City's Human Resources Department, by telephone regarding taking FMLA leave.

24. Ms. Vail advised Plaintiff that she could complete the FMLA paperwork closer to the anticipated leave date.

25. On May 30, 2024, Plaintiff sent an email to Chief of Police Scott Thurmond and Cedric Sparks, Chief of Staff to the Mayor, informing them of her intent to take FMLA leave following her participation in PERF training in Boston from May 30 through June 21, 2024.

26. Through these communications, Plaintiff invoked her right to take FMLA-protected leave and Defendant had actual notice of Plaintiff's request.

27. During May and June 2024, senior City officials discussed changes to the leadership structure of the Birmingham Police Department, including the potential creation of a Deputy Chief position.

28. On June 13, 2024, Rodarius Mauldin, Plaintiff's former Executive Assistant, met with Cedric Sparks regarding the Deputy Chief position.

29. On June 14, 2024, Chief Scott Thurmond and Cedric Sparks contacted Plaintiff regarding Mr. Mauldin's new role within the department.

30. These discussions occurred shortly after Plaintiff informed City leadership of her intent to take FMLA leave.

31. On June 21, 2024, Cedric Sparks sent an email to Birmingham Police executive leadership announcing a mandatory meeting scheduled for June 24, 2024.

32. Plaintiff, who was on previously scheduled vacation leave, was required to attend the meeting.

33. During the meeting, Plaintiff was informed that her appointment as Assistant Chief of Police was terminated effective immediately.

34. Plaintiff was involuntarily rolled back to the rank of Police Lieutenant.

35. The demotion removed Plaintiff from executive command.

36. The demotion materially reduced Plaintiff's authority, responsibilities, compensation, benefits, and retirement accrual.

37. Defendant's decisionmakers were aware that Plaintiff had invoked her right to take FMLA leave before the decision to demote her.

38. On June 25, 2024, the City's Human Resources Department transmitted Plaintiff the FMLA Notice of Eligibility and Rights and Responsibilities.

39. Plaintiff's FMLA leave began on July 2, 2024.

40. On July 11, 2024, the City notified Plaintiff that Human Resources had received sufficient medical documentation supporting FMLA leave from July 2, 2024 through August 20, 2024.

41. On August 20, 2024, the City confirmed Plaintiff was cleared by her healthcare provider to return to work effective August 26, 2024, without restrictions.

42. After returning from FMLA leave, Plaintiff was assigned to the position of Patrol Lieutenant at the North Precinct.

43. This position involved a different work schedule, reduced salary, diminished responsibilities, and loss of executive command status.

44. Defendant did not restore Plaintiff to the Assistant Chief position or an equivalent position.

45. The Patrol Lieutenant position is not equivalent in rank, authority, pay, benefits, or retirement value.

46. Plaintiff's removal from the Assistant Chief position resulted in significant economic harm including reductions in salary and diminished retirement accrual.

47. On August 19, 2024, Plaintiff filed a complaint with the United States Department of Labor Wage and Hour Division alleging violations of the FMLA.

48. The complaint was accepted and assigned to an investigator.

49. The Department of Labor conducted an investigation into Defendant's handling of Plaintiff's FMLA leave and related employment actions.

50. In June 2025, a final conference was conducted between the investigator and representatives of the City regarding issues identified during the investigation.

51. In July 2025, the City's Payroll and Pension Administrator notified Plaintiff that a corrective adjustment had been made to her leave records restoring vacation hours previously coded during the period surrounding her demotion.

52. Defendant's stated reasons for Plaintiff's demotion were inconsistent with Plaintiff's performance history and professional credentials.

53. The abrupt removal of Plaintiff from the Assistant Chief position occurred shortly after Plaintiff invoked her right to take FMLA leave.

54. Defendant used Plaintiff's invocation and anticipated use of FMLA leave as a negative factor in its decision to remove Plaintiff from the Assistant Chief position.

55. Defendant's actions were willful and taken with reckless disregard for Plaintiff's federally protected rights.

## COUNT I – FMLA INTERFERENCE (29 U.S.C. § 2615(a)(1))

56. Plaintiff incorporates paragraphs 1 through the preceding paragraph.

57. Plaintiff was entitled to restoration to the same or an equivalent position following FMLA leave.

58. Defendant failed to restore Plaintiff to the same or an equivalent position.

59. Defendant thereby interfered with Plaintiff's rights under the FMLA.

## COUNT II – FMLA RETALIATION (29 U.S.C. § 2615(a)(2))

60. Plaintiff incorporates paragraphs 1 through 55.

61. Plaintiff engaged in protected activity by invoking and taking FMLA leave.

62. Defendant subjected Plaintiff to a materially adverse employment action by demoting her.

63. The adverse action was causally connected to Plaintiff's protected activity.

64. Defendant's proffered reasons are pretextual.

## VI. DAMAGES

65. As a result of Defendant's unlawful conduct, Plaintiff has suffered lost wages, lost employment benefits, lost pension and retirement accrual, and other economic damages.

## VII. PRAYER FOR RELIEF

66. Plaintiff requests back pay, lost benefits, restoration of pension and retirement accrual, liquidated damages under the FMLA, attorneys' fees, litigation costs, and all other legal and equitable relief the Court deems appropriate.

## VIII. JURY DEMAND

67. Plaintiff demands trial by jury on all issues so triable.

Respectfully submitted,

/s/  Terrrell E. McCants

Civil Rights Law Group, LLC

420 North 20th Street

Suite 2200

Birmingham, AL 35203

205-771-4999